# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **RICHARD KENNEDY,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: _____ |
| | ) |
| **NORTHROP GRUMMAN** | ) |
| **SYSTEMS CORPORATION and** | ) |
| **INSIGHT GLOBAL, LLC,** | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW, Plaintiff, Richard Kennedy, files his Complaint against Defendants, Northrop Grumman Systems Corporation and Insight Global, LLC, and, in support thereof, shows as follows:

### INTRODUCTION

Plaintiff Richard Kennedy is a disabled individual who requires large computer monitors in order to perform his work as a programmer. Defendant Insight Global, LLC hired Plaintiff as a temporary employee to support Defendant Northrop Grumman Systems Corporation. At his new position, Plaintiff informed his supervisor, a Northrop employee, that he would require large monitors due to his disability. Northrop failed to provide this reasonable accommodation and asked Insight to remove Plaintiff from his position a month later. Insight terminated

Plaintiff. Plaintiff was terminated as result of his request for a reasonable accommodation for a disability in violation of his rights under the Americans with Disabilities Act.

## JURISDICTION AND VENUE

1. This action arises under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101-12213, as amended ("ADA"), 28 U.S.C. § 1343(a)(4). This Court maintains subject matter jurisdiction under 28 U.S.C. § 1343(a)(4), 1337 and 29 U.S.C. §2611 et seq.

2. Venue is proper in this Court as the unlawful employment practices alleged herein have been committed within the Northern District of Alabama.

## PARTIES

3. Paragraphs 1 through 2 are incorporated herein as if set out in full.

4. Richard Kennedy (hereinafter "Kennedy" or "Plaintiff") is above the age of nineteen (19) and was, at all times relevant hereto, a resident of Madison County, Alabama, and a citizen of the United States of America.

5. Defendant Insight Global, LLC (hereinafter, "Insight") is an employer subject to suit under 29 U.S.C. § 2611 and is a "covered entity," being an employer engaged in an industry affecting commerce and otherwise meeting the definitional requirements of 42 U.S.C. § 12111(1)-(10).

6. Defendant Northrop Grumman Systems Corporation (hereinafter

"Northrop", or, collectively with Insight, "Defendants")is an employer subject to suit under 29 U.S.C. § 2611 and is a "covered entity," being an employer engaged in an industry affecting commerce and otherwise meeting the definitional requirements of 42 U.S.C. § 12111(1)-(10).

## CONDITIONS PRECEDENT

7. Paragraphs 1 through 6 are incorporated herein as if set out in full.

8. On June 19, 2018, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("E.E.O.C.") alleging discrimination based on his disability in violation of the Americans with Disabilities Act. A copy of this Charge is attached as hereto and identified as Exhibit A.

9. Plaintiff received a Notice of Right-to-Sue with regard to Insight Global, LLC from the E.E.O.C. dated June 20, 2019 and this action is being instituted within ninety (90) days of receipt by the Plaintiff of same. A copy of the Right-to-Sue is attached hereto and identified as "Exhibit B."

10. Plaintiff received a Notice of Right-to-Sue with regard to Northrop Grumman Systems Corporation from the E.E.O.C. dated June 20, 2019, and this action is being instituted within ninety (90) days of receipt by the Plaintiff of same. A copy of the Notice of Right-to-Sue is attached hereto and identified as "Exhibit C."

## FACTUAL AVERMENTS

11. Paragraphs 1 through 10 are incorporated herein as if set out in full.

12. Plaintiff entered into an employee agreement with Insight Global, LLC on December 29, 2017 in advance of Insight sending Plaintiff to work onsite at Northrop Grumman Systems Corporation on January 8, 2018. At all times relevant hereto, Plaintiff was an employee of Insight.

13. Plaintiff began work as a Senior Software Engineer in Launch Management Systems for Ballistic Missile Defense with Northrop on its Launch Support Service ("LSS") project on January 8, 2018.

14. At the time of his hiring, Plaintiff informed Defendants that he has a permanent disability which requires that he have large computer monitors in order to perform his duties as a Senior Software Engineer, and he signed a reasonable accommodation form at that time.

15. Kara Maxson, manager of the LSS project for Northrop, was Plaintiff's direct supervisor.

16. In addition to signing a reasonable accommodation form at the time of his hiring, Plaintiff informed his supervisor, Ms. Maxson, that he was disabled and would require large computer monitors to perform his duties as a Senior Software Engineer.

17. Having not received a secured computer or large computer monitors he

required to perform his work, Plaintiff again asked Ms. Maxson when he could expect to receive a secured computer and the large computer monitors he would require in order to perform his duties as a Senior Software Engineer.

18. Plaintiff was never provided large monitors, as such was unable to complete tasks that required him to use a computer.

19. Plaintiff offered to bring in his own large monitors but was told by Northrop that no unclassified electronics were allowed in a classified area.

20. On February 14, 2018, Ms. Maxson communicated to Insight that Northrop wished for Plaintiff to be removed from the project.

21. Plaintiff was then terminated by Insight on February 15, 2018.

22. Plaintiff was discriminated against and terminated as a result of his disability in violation of the Americans with Disabilities Act.

## CAUSES OF ACTION

### Count I
### Violation of the Americans with Disabilities Act

23. Paragraphs 1 through 22 are incorporated herein as if set out in full.

24. Plaintiff suffers from a disability or is an individual that Defendants regarded as impaired under 42 USCS § 12102.

25. Defendants failed and/or refused to provide the Plaintiff a reasonable accommodation in the form of large computer monitors that were required by his disability to allow him to perform his duties as a Senior Software Engineer.

26. The actions of Defendants constituted discrimination and retaliation against Plaintiff due to his disability and/or his disability- related complaints.

27. Defendants purposefully and intentionally discriminated and retaliated against the Plaintiff by terminating him due to his disability and/or his request for accommodation.

28. The actions and inactions of Defendants constituted discharge of the Plaintiff and/or discrimination against the Plaintiff because he opposed an act or practice made unlawful by the ADA in violation of 42 U.S.C. § 12203(a).

29. The actions and inactions of Defendants constituted interference, coercion, or intimidation of Plaintiff in the exercise or enjoyment of his rights protected by the ADA, in violation of 42 U.S.C. § 12203(b).

30. The actions and inactions of Defendants violated 42 U.S.C. § 12203(a) and (b).

31. Plaintiff has and will continue in the future to suffer pecuniary and non-pecuniary losses as a direct result of the Defendants' violation of 42 U.S.C. § 12203(a) and (b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Richard Kennedy prays that this Court:

(a) Enter a declaratory judgment that Defendants' policies, practices, and procedures complained of herein have violated and continue to violate the rights of

Plaintiff as secured by the Americans with Disabilities Act, as amended;

(b) Grant Plaintiff a permanent injunction enjoining Defendants, their Agents Successors, Employees, Attorneys, and those acting in concert with Defendants or at Defendants' request from violating the Americans with Disabilities Act, as amended;

(c) Grant Plaintiff an order requiring the Defendants to make him whole again by granting appropriate declatory relief, compensatory damages, including damages for mental anguish), punitive damages, interest, attorneys' fees, expenses, and costs;

(e) Award Plaintiff costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs; and

(f) Grant such further, other, and different relief, including equitable, as this Court may deem just and proper.

## PLAINTIFF DEMANDS TRIAL BY STRUCK JURY

Respectfully submitted this the 18th day of September, 2019.

                                     s/ *Eric J. Artrip*
                                     Eric J. Artrip (ASB-9673-I68E)
                                     Teri Ryder Mastando (ASB-4507-E53T)
                                     MASTANDO & ARTRIP, LLC
                                     301 Washington Street, Suite 302
                                     Huntsville, Alabama 35801
                                     Phone:	(256) 532-2222
                                     Fax:	(256) 513-7489
                                     artrip@mastandoartrip.com
                                     teri@mastandoartrip.com


## DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL

Northrop Grumman Systems Corporation
c/o C.T. Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

Insight Global, LLC
c/o C.T. Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

                                     s/ *Eric J. Artrip*
                                     Eric J. Artrip